UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHARLES E. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:15 CV 99 JMB |
| | ) |
| CAROLYN COLVIN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court is the Commissioner of Social Security's motion to dismiss Charles McCoy's complaint, appealing the denial of his application for Social Security benefits.[1] (ECF No. 14) Because this Court does not have subject matter jurisdiction over this appeal, Defendant's motion to dismiss is granted.

**I.     Procedural and Factual Background**

Charles E. McCoy ("Plaintiff") has filed multiple applications for disability benefits since the late 1970's, under both Title II and Title XVI of the Social Security Act, alleging disability based upon back pain and mental health impairments. (See, e.g., ECF No. 14-1, 3) Plaintiff's Title XVI application, based upon mental health impairments, was approved, while his Title II application, based upon back pain, was denied.

Plaintiff filed the instant application for Title II benefits on August 28, 2007. The application was denied on October 14, 2007, because the issue alleged—back pain—had already been decided adversely to Plaintiff and there was no new evidence. (ECF No. 14-1, 12) On December 4, 2007, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] This matter is before the Court with the consent of the parties, pursuant to 28 U.S.C. § 636(c). Also before the Court is McCoy's Motion to Appoint Counsel. (ECF No. 15) The Court will consider this motion herein.

1

(Id.) On March 2, 2009, the ALJ dismissed Plaintiff's request for a hearing, based on the theory of res judicata, because the issue of back pain had already been finally decided, and there was no new evidence justifying reevaluation. (Id. at 14-17) Plaintiff appealed that decision, and the Appeals Council remanded the case to the ALJ, noting that the doctrine of res judicata does not apply to musculoskeletal impairments considered before February 19, 2002. (Id. at 19)

On remand, the ALJ issued an unfavorable decision dated June 22, 2010, denying Plaintiff's application on the merits. (Id. at 22-30) Plaintiff again appealed, and the Appeals Council remanded the case again, because the "file is incomplete and does not contain numbered exhibits or an exhibit list," thus precluding review for substantial evidence. (Id. at 34) The Appeals Council ordered the ALJ to "provide [Plaintiff] the opportunity for a new hearing and also provide [Plaintiff] the opportunity to submit additional evidence." (Id.) The record shows no additional administrative action after the Appeals Council remand.

On May 29, 2015, Plaintiff filed the present complaint, arguing: (1) the Commissioner has "refuse[d]" to "end" Plaintiff's case; (2) that Plaintiff has been trying to get an adjudication of his claim "since 1992;" and (3) that this delay violates his "rights." (ECF No. 1, at 1)

Noting the long delay between the last remand in this case and the filing of the complaint, this Court issued a show cause order on June 2, 2015, directing Plaintiff to explain why his complaint was not barred by the 60 day statute of limitations in 42 U.S.C. § 405(g). (ECF No. 5) Plaintiff responded to the show cause order on June 19, 2015, arguing that his case had been "prolonged since 1992," alleging that his "medical records has been lost intentionally," claiming that the Social Security Administration field office has discriminated against him, and finally repeating that the Commissioner has had "numerous times" to decide his case. Plaintiff concluded that this "is why I have request the Courts to hear this case." (ECF No. 6 at 1-2)

Thereafter, this Court ordered the Commissioner to respond to Plaintiff's allegations within 60 days. (ECF No. 7) On August 19, 2015, the Commissioner filed this motion to dismiss, arguing that Plaintiff has not exhausted his administrative remedies, and this Court does not have subject matter jurisdiction. (ECF No 14 at 1) Plaintiff did not respond to the motion.[2]

## II. Discussion

The federal courts are tribunals of limited jurisdiction. They are empowered to hear only those cases that: (1) are within the judicial power of the United States, as defined in the Constitution; and (2) have been entrusted to them by a jurisdictional grant from Congress. See Aldinger v. Howard, 427 U.S. 1 (1976); see also 13 Wright & Miller, Federal Practice and Procedure § 3522, p. 100. Where it appears that subject matter jurisdiction is lacking, it is incumbent upon this Court to dismiss the case. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

The Commissioner argues that this Court does not have subject matter jurisdiction because: (1) § 405(g) is the exclusive basis for this Court's jurisdiction; (2) Plaintiff has not satisfied the jurisdictional prerequisite of exhaustion under § 405(g); and (3) no permissible exception the exhaustion requirement of § 405(g) applies in this case. This Court agrees.

### A. Federal Jurisdiction over Social Security Appeals

The Commissioner argues that § 405(g) is the exclusive basis for this Court's jurisdiction over Social Security appeals. In support of that argument, the Commissioner points to 42 U.S.C. § 405(h), which provides that:

---

[2] In noting that Plaintiff has failed to respond to the Commissioner's motion to dismiss, the Court is mindful that Plaintiff is pursuing this matter *pro se*. The Court has considered whether it would be useful to order Plaintiff to respond to the motion to dismiss, and concluded that, in this case, such an order would be fruitless and simply delay dismissal of this matter.

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

In addition to the plain language of § 405(h), the Supreme Court has confirmed that § 405(g) is the exclusive source of federal jurisdiction to review Social Security claims. See Weinberger v. Salfi, 422 U.S. 749 (1975) (holding that 42 U.S.C. § 405(h) precludes federal-question jurisdiction under 28 U.S.C. § 1331 in an action challenging the denial of benefits); see also Mathews v. Eldridge, 424 U.S. 319, 327 (1976) (same).

### B. Jurisdictional Prerequisites of § 405(g)

Because § 405(g) is the exclusive basis of federal jurisdiction, Plaintiff must satisfy the requirements of that provision to get federal review of his claim. Section 405(g) only permits review of "final decisions" of the Commissioner. See Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding that § 405(g) "clearly limits judicial review to a particular type of agency action, a '*final* decision of the Secretary made after a hearing'") (emphasis added).

To obtain a final decision under § 405(g), a plaintiff must satisfy the four step process outlined in 20 C.F.R. § 404.900. Plaintiff must: (1) apply for benefits and seek an initial determination; (2) seek redetermination of any adverse decision; (3) request and receive a hearing and decision from an ALJ; and (4) seek review in the Appeals Council. 20 C.F.R. § 404.900a(1)-(4).[3]

Here, Plaintiff failed to satisfy the exhaustion requirements because, after seeking review in the Appeals Council and winning a remand, he did not then receive a decision from an ALJ.

---

[3] In Missouri, plaintiffs need not seek redetermination of an initial adverse decision. 20 C.F.R. § 416.1406.

(ECF No. 14-1 at 35) It appears that no action took place in Plaintiff's case after the September 11, 2012, remand from the Appeals Council. Thus, there is no final decision under § 405(g). See 20 C.F.R. § 404.900.

### C. Exceptions to the Exhaustion Requirement

The Supreme Court has delineated a narrow exception to the exhaustion requirement under § 405(g) in situations where a plaintiff alleges claims that are "collateral" to the underlying disability benefits application, and where enforcing the exhaustion requirement would result in "irreparable injury." See Bowen v. City of New York, 476 U.S. 467 (1986). The Eighth Circuit has articulated this exception as permitting the exhaustion requirement to be waived if a plaintiff establishes: (1) a colorable constitutional claim collateral to the substantive claim; (2) irreparable injury by enforcement of the exhaustion requirements; and (3) that the purpose of exhaustion would not be served by requiring further administrative procedures. Rodabaugh v. Sullivan, 943 F.2d 855, 857 (8th Cir. 1991).

Here, Plaintiff has not alleged any violation of his constitutional rights, even if the Court liberally construes his pleadings. Plaintiff is arguing that he is entitled to benefits resulting from back pain. Additionally, Plaintiff has made no showing that he would suffer irreparable injury by being forced to apply for a decision from the ALJ. Indeed, Plaintiff waited approximately three years after getting notice of the remand before he filed this lawsuit. Therefore, no exception to the exhaustion requirement of § 405(g) is appropriate here.

### III. Motion to Appoint Counsel

Also pending before this Court is Plaintiff's motion for the appointment of counsel. (ECF No. 15) When considering whether to appoint counsel for an indigent defendant, this Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to

investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim.  Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted in this case.  Principally, this is because this case is neither factually nor legally complex.  Also, Plaintiff's track record of representing himself in these proceedings shows that he has been an effective advocate for himself, securing multiple remands.  Finally, Plaintiff has not alleged that he is hindered from investigating the facts of this case.  Therefore, this motion will be denied.

## IV.   Conclusion

Because Plaintiff has not exhausted his administrative remedies, as required by 42 U.S.C. § 405(g), and no circumstances justify an exception to that section's exhaustion requirement, this Court has no subject matter jurisdiction over Plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 15) is DENIED.

**IT IS FURTHER ORDERED** that the Commissioner's Motion to Dismiss (ECF No. 14) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice. A separate judgment shall be entered this day.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of November, 2015